FILED
2015 Feb-12  PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>TOM ROBERTS CONSTRUCTION )<br>CO., INC., et al., )<br>)<br>)<br>Defendants ) | Case No.  1:13-cv-01566-HGD |

## **MEMORANDUM OPINION**

This matter is before the undersigned U.S. Magistrate Judge based on the consent of the parties pursuant to 28 U.S.C. § 636(c).  *See* Doc. 54.  Plaintiff, Wells Fargo Bank, N.A. (Wells Fargo), has filed a motion to strike the jury demand of defendants, Tom Roberts Construction Company, Inc. (TRCC)  and Thomas Scott Roberts, III.  (Doc. 23).  Wells Fargo also has filed a motion for summary judgment.  (Doc. 35).  Defendants have had the opportunity to respond to each of these motions and they are now ready for disposition.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  Plaintiff, as the party seeking summary judgment, bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  A genuine issue of material fact is shown when the non-moving parties produce evidence so that a reasonable factfinder could return a verdict in their favor.  *Greenberg v. BellSouth Telecomms., Inc*., 498 F.3d 1258, 1263 (11th Cir. 2007).  If the non-moving parties fail to make a sufficient showing on an essential element of their case with respect to which they have the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  In reviewing whether the non-moving parties have met their burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter; the evidence of the non-movants is to be believed, and all justifiable inferences are to be drawn in their favor.  *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d

994, 998-99 (11th Cir. 1992) (internal citations and quotations omitted).  However, speculation or conjecture cannot create a genuine issue of material fact.  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).  A "mere scintilla of evidence" in support of the non-moving party also cannot overcome a motion for summary judgment.  *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004).

## BACKGROUND INFORMATION

The material facts giving rise to this suit are not in dispute.  Wells Fargo is the successor-by-merger to Wachovia Bank, N.A. (Wachovia), and the owner and holder of all loan documents described and referenced in the complaint by Wells Fargo.  The Court took judicial notice of both the merger between Wells Fargo and Wachovia and its legal effect.  (*See* Doc. 46).  The Court took notice that Wachovia merged with Wells Fargo, as reflected in the Certificate of Merger and letter from the Comptroller of the Currency attached as Exhibit A to plaintiff's request.  (*See* Docs. 45, Ex. A & 46).  The Court further took notice that, as a result of the merger between Wells Fargo and Wachovia, Wells Fargo assumed all of the rights and obligations of Wachovia.  (Doc. 46 at 3).  Furthermore, under Alabama law, "all rights, immunities, and franchises of the merged entities, of a public as well as a private nature, and all debts and obligations due the merged entities, are taken and deemed to be transferred and vested in the surviving or resulting entity without the necessity of any deed or other

instrument of conveyance to the surviving or resulting entity . . . ." *Ala. Code* § 10A-1-8.02(i)(2). Thus, there is no genuine issue of material fact as to Wells Fargo's entitlement to enforce the loans made by Wachovia in this case. *SE Prop. Holdings, LLC v. Sandy Creek II, LLC*, 954 F.Supp.2d 1322, 1348 (S.D.Ala. 2013).

On or about May 1, 2006, Wells Fargo[1] made a loan, characterized as a line of credit, to TRCC in the amount of $250,000.00 (the "Loan"). The Loan is evidenced by a Promissory Note (the "Note") dated May 1, 2006, made by TRCC and signed by Mr. Roberts, payable to Wachovia (now Wells Fargo) in the amount of $250,000.00. (*See* Doc. 35 at Ex. 1). The Note is a demand note and payable in full, including all principal and accrued interest, upon demand. (*See id.*).

In connection with this loan, Mr. Roberts executed an Unconditional Guaranty (Guaranty Agreement) dated May 1, 2006, in favor of Wells Fargo. (*Id.* at Ex. 3). Under the terms of the Guaranty Agreement, Mr. Roberts guaranteed the payment and performance of all of TRCC's obligations under the Loan. (*Id.*). That document also states that default events include, among others, "failure of timely payment or performance of the Guaranteed Obligations or a default under any Loan Document."

---

[1] Although the line-of-credit agreement that is the basis of this suit was actually negotiated between defendants and Wachovia Bank, because Wells Fargo is Wachovia's successor-in-interest, reference is generally made to Wells Fargo even when the undertaking may have actually involved Wachovia Bank.

(*Id.* at 3).  According to the affidavit of André Taylor, Assistant Vice President and Loan Recovery Unit Officer for Wells Fargo, the underlying loan is in default due to, among other things, defendants' failure to pay all the amounts of outstanding principal and accrued interest when due under the terms of the note.  (Doc. 35, Ex. A, Taylor Aff., ¶ 10).  This is verified by Wells Fargo bank records submitted by plaintiff.  (*See* Doc. 35 at Ex. 2).

By letter dated December 4, 2009, Wells Fargo informed defendants that the Loan was in default and demanded immediate payment of principal and interest owned under the Note.  (Doc. 35, Ex. 4, First Demand Letter).  By letter dated July 3, 2013, Wells Fargo again informed defendants that the Loan was in default and again demanded immediate payment of all amounts due.  (*Id.* at Ex. 5, Second Demand Letter).  According to André Taylor, defendants failed to tender the amounts due and payable under the terms of the Loan.  (Doc. 35, Ex. A, Taylor Aff., ¶ 13).  As of June 6, 2014, the outstanding indebtedness due under the Note was $295,828.67, consisting of $248,498.42 in outstanding and unpaid principal, $45,039.96 in accrued and unpaid interest, and late charges in the amount of $2,290.29.  Interest accrues under the Note at a per diem rate of $25.89.  (*Id.*, ¶ 14).

The terms of the Promissory Note state, in pertinent part, as follows:

> Borrower promises to pay to the order of Bank, in lawful money of the United States of America, at its office indicated above or wherever else Bank may specify, the sum of **Two Hundred Fifty Thousand and No/100 Dollars ($250,000.00)** or such sum as may be advanced and outstanding from time to time, with interest on the unpaid principal balance at the rate and on the terms provided in this Promissory Note (including all renewals, extensions or modifications hereon, the "Note").

(Doc. 35, Ex. 1, Promissory Note, at 1).

The Note sets the interest rate at the bank's prime rate plus .5%. It further sets a rate of interest, in the event of default, at the prime rate plus 3%. In addition, it provides for payment of a late charge equal to 5% of each payment past due for 10 or more days and for the payment of reasonable attorneys' fees and other collection costs incurred to enforce or collect under the Note. (*Id.* at 1-2).

The Note further states:

> **DEMAND NOTE.** This is a demand Note and all Obligations hereunder shall become immediately due and payable upon demand. In addition, the Obligations hereunder shall automatically become immediately due and payable if Borrower or any guarantor or endorser of this Note commences or has commenced against it a bankruptcy or insolvency proceeding.
>
> **REMEDIES.** Upon the occurrence of a default in the payment of the Obligations or a Default (as defined in the other Loan Documents) under any other Loan Document, Bank may at any time thereafter, take the following actions: **Bank Lien.** Foreclose its security interest or lien

> against Borrower's accounts without notice. **Cumulative.** Exercise any rights and remedies as provided under the Note and the other Loan Documents, or as provided by law or equity.

(*Id.* at 3).

The Unconditional Guaranty states, in pertinent part, as follows:

> To induce bank to make, extend or renew loans, advances, credit or other financial accommodations to or for the benefit of Borrower, which are and will be to the direct interest and advantage of the Guarantor, and in consideration of loans, advances, credit, or other financial accommodations made, extended or renewed to or for the benefit of Borrower, which are and will be to the direct interest and advantage of the Guarantor, Guarantor hereby absolutely, irrevocably and unconditionally guarantees to Bank and its successors, assigns and affiliates the timely payment and performance of all liabilities and obligations of Borrower to Bank and its affiliates, including, but not limited to, all obligations under any notes, loan agreements, security agreements, letters of credit, instruments, accounts receivable, contracts, drafts, leases, chattel paper, indemnities, acceptances, repurchase agreements, overdrafts, and Loan Documents, as defined below, and all obligations of Borrower to Bank or any of its affiliates under any swap agreement . . . however and whenever incurred or evidenced, whether primary, secondary, direct, indirect, absolute, contingent, due or to become due, now existing or hereafter contracted or acquired, and all modifications, extensions and renewals thereof, (collectively, the "Guaranteed Obligations").

(Doc. 35, Ex. 3, Unconditional Guaranty, at 1).

The Guaranty Agreement also provides that default occurs, among other things, if there is a "failure of timely payment or performance of the Guaranteed Obligations or a default under any Loan Document." (*Id.* at 3). The Guaranty Agreement also requires the Guarantor to pay all of the bank's reasonable expenses incurred to enforce or collect any of the Guaranteed Obligations, including attorneys' fees and expenses. (*Id.* at 4). Both the Note and the Guaranty Agreement provide for the waiver of jury trial. (Doc. 35, Ex. 1, Promissory Note, at 5; Ex. 3, Unconditional Guaranty, at 8).

## DISCUSSION

It is undisputed that the loan documents, including the Note, and Guaranty Agreement provide for their interpretation pursuant to the laws of the State of Alabama. (Doc. 35, Ex. 1, Promissory Note, at 4; Ex. 3, Guaranty Agreement, at 4). There has been no claim by defendants that the law of Alabama is inapplicable to this litigation. Therefore, the resolution of Wells Fargo's claims is governed by Alabama law.

The Note itself is an unconditional promise to pay all amounts due under its terms. (*See* Doc. 35, Ex. 1, Promissory Note; *see also Ala. Code* § 7-3-106). Furthermore, defendant Mr. Roberts admits that he signed the Note and the Guaranty Agreement. (*See* Doc. 30-1, Roberts Aff.).

According to the Alabama Supreme Court,

> When the terms of a contract are clear and certain, it is the duty of the court and not the jury to analyze and determine the meaning of the contract. *C. F. Halstead Contractor, Inc. v. Dirt, Inc.*, 294 Ala. 644, 320 So.2d 657 (1975). Moreover, if an instrument is unambiguous, its construction and effect are questions of law which may be decided by summary judgment. *Warrior Drilling & Engineering Co. v. King*, 446 So.2d 31 (Ala. 1984); *Federal Land Bank of New Orleans v. Terra Resources, Inc.*, 373 So.2d 314 (Ala. 1979).

*Smith v. Citicorp Person-to-Person Fin. Ctrs, Inc.*, 477 So.2d 308, 310-11 (Ala. 1985). The Note and Guaranty Agreement in the present case are such instruments; thus, there is no material issue of fact created by the clear terms of the contracts as to the nature of the loan. The Note provides that it is payable on demand, which Wells Fargo has accomplished on two separate occasions. Consequently, Wells Fargo is entitled to summary judgment in the amount of the unpaid principal, plus accrued interest through the date of judgment and reasonable attorneys' fees and expenses.

Likewise, the Guaranty represents Mr. Roberts' unconditional promise to guarantee TRCC's payment and complete performance under the Note. The evidence clearly establishes that TRCC defaulted on its obligations under the Note and, as of June 6, 2014, owed $295,828.67.

Defendants' claim that Wells Fargo has to prove that every single advance under the line of credit to TRCC specifically benefitted Mr. Roberts is without merit. A plain reading of the Guaranty Agreement reflects that this language merely affirms that the grant of credit to TRCC is to Mr. Roberts' direct interest and advantage. Likewise, the fact that Mr. Taylor did not have direct knowledge of the loan at issue or the merger documents is irrelevant.  As an officer of the bank, he is entitled to rely on Wells Fargo's books and records in establishing the material facts in this case. Mr. Roberts has breached his obligation under the Guaranty Agreement by failing to tender the amount due to Wells Fargo under the Note.  Therefore, Wells Fargo is entitled to summary judgment as to its breach of guaranty claim against Mr. Roberts. A separate order will be entered granting the motion for summary judgment with regard to all claims.

The Court further finds that, under the terms of the Note and the Guaranty Agreement, TRCC and Mr. Roberts are liable for reasonable attorney's fees and costs of collection.  Plaintiff shall file its petition for attorney's fees and costs within fourteen (14) days from the date of entry of the Memorandum Opinion and Final Judgment.  Defendants shall file any response thereto within seven (7) days thereafter.

Because the Court is granting plaintiff's motion for summary judgment with regard to all claims, its motion to strike defendants' jury demand (Doc. 23) is moot.

DONE and ORDERED this 12th day of February, 2015.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE